The STATE of North Dakota, and J. Dwight Woodley, Warden of the State Penitentiary, Plaintiff and Respondent,

v.

Melvin F. POITRA, Defendant and Petitioner.

Cr. No. 373.

Supreme Court of North Dakota.

July 17, 1969.

James D. Schlosser, Bismarck, for petitioner.

PAULSON, Judge.

Melvin F. Poitra was charged and convicted of the crime of grand larceny. He was sentenced and thereafter incarcerated in the State Penitentiary. He has now petitioned this court for a writ of habeas corpus.

.Prior to Mr. Poitra's commitment to the penitentiary, he had petitioned the District Court of Rolette County for a writ of habeas corpus. Following the hearing, held before the Honorable Douglas B. Heen, Judge, the writ was quashed.

Subsequent to the petition filed with the District Court of Rolette County, Mr. Poitra filed a petition for a writ of habeas corpus with the District Court of Burleigh County. After a hearing before the Honorable Clifford Jansonius, Judge, an order quashing the writ was executed.

Mr. Poitra made two separate applications for writs of habeas corpus to the United States District Court of the Southwestern Division of North Dakota. Following hearings thereon, the relief demanded in said applications was denied.

Thereafter, the petition referred to earlier was filed in this court. Leonard H. Bucklin, a Bismarck attorney, was duly appointed to represent Mr. Poitra before this court. Mr. Bucklin, after an analysis of the petition and of the relevant law, petitioned the District Court of Burleigh County for leave to withdraw as counsel, stating that he found no rational ground in the petition for a writ of habeas corpus. The district judge signed an order granting Mr. Bucklin leave to withdraw.

Thereafter, James D. Schlosser, another Bismarck attorney, was appointed by the District Court of Burleigh County to represent Mr. Poitra. Mr. Schlosser conferred with Mr. Poitra and studied the petition, the accompanying papers, and the pertinent law. Subsequent thereto, Mr. Poitra was released from the State Penitentiary, his sentence having expired.

Mr. Schlosser was unable to secure any response from Mr. Poitra as to his desires relative to his petition after his discharge

from the penitentiary, although diligent attempts were made by Mr. Schlosser to contact Mr. Poitra. Mr. Schlosser, being of the opinion that Mr. Poitra had no grounds justifying the issuance of a writ of habeas corpus, has filed an affidavit with this court, asking the court for permission to withdraw the petition for a writ of habeas corpus.

Upon careful study of Mr. Poitra's petition for a writ of habeas corpus, and of the documents submitted in support thereof, it is the opinion of this court that no grounds other than those stated on behalf of Mr. Fournier, in the case of Fournier v. Roed, 161 N.W.2d 458 (N.D.1968), have been asserted by Mr. Poitra. Accordingly, on the basis of Fournier v. Roed, *supra*, and for the additional reason that Mr. Poitra is no longer restrained of his liberty for the crime for which he asserted he was illegally committed (see State ex rel. Brown v. Cochran, 118 So.2d 5 (Fla.1960), the petition for a writ of habeas corpus is denied.

TEIGEN, C. J., and STRUTZ, ERICKSTAD and KNUDSON, JJ., concur.